## Osborne v. Osborne.

Nov. 27, 1945.

W. N. Flippin for appellant.

Gladstone Wesley for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Demps Osborne and Margaret Osborne were married in March, 1943. They lived together until the following October. Demps filed this action for divorce on

the ground that his wife, through no fault of his, left and abandoned him. In her answer and counterclaim Mrs. Osborne admitted that she left her husband on October 1, 1943, but said she did so because he so cruelly and inhumanly treated her that she could no longer live with him, and that except for such treatment they would still be living together. She did not seek a divorce, but asked for maintenance and an allowance of $100 for doctor bills. The chancellor refused to grant Demps a divorce, and allowed Mrs. Osborne the sum of $30 a month for maintenance, provided that, so long as Demps is in the Navy and Mrs. Osborne continues to receive an allotment from him, the allotment shall be in lieu of other alimony or maintenance.

The appellant insists that he was entitled to a divorce, and that there should have been no allowance for maintenance, since Mrs. Osborne did not charge that he had failed or refused to support her. The evidence for the appellant is to the effect that he treated his wife properly, as he had done his first wife, and that Mrs. Osborne left home through no fault of his. On the other hand, Mrs. Osborne's testimony shows that her husband quarreled with her and abused her and made her life miserable. She said also that on one occasion he threatened to kill himself with a butcher knife, on which were her fingerprints, and told her that she would be held responsible for his death and would be put in jail. She said also that he refused to sleep with her and slept with a small nephew who was staying in their home. Under the circumstances, we think the chancellor properly refused to grant Demps a divorce.

Mrs. Osborne could not charge that her husband had failed and refused to support her, because she was receiving a monthly allotment from the Government. The chancellor properly made an allowance for Mrs. Osborne, to become effective when her husband is discharged from the Navy. The filing of this action for divorce shows that Osborne does not intend to live with his wife. As we have noted, he was not entitled to a divorce, so it is only proper that provision be made for Mrs. Osborne's maintenance, since the chancellor was warranted in concluding that it was the conduct of the husband, and not the wife, which caused her to leave home. Hill v. Hill, 239 Ky. 745, 40 S. W. 2d 367.

Judgment affirmed.